UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ONEIDA TRIBE OF INDIANS OF WISCONSIN,

    Plaintiff,

v.                                          Case No. 06-C-1302

VILLAGE OF HOBART WISCONSIN,

    Defendant.

**ORDER GRANTING MOTION FOR LEAVE
TO FILE BRIEF OF *AMICUS CURIAE***

      The Oneida Tribe of Indians of Wisconsin filed this action against the Village of Hobart seeking a determination that property located within the original boundaries of the Tribe's reservation that was recently purchased from non-tribal members reverts to reservation status and is not subject to state and local laws governing land use, taxation, and condemnation. Both the Village and the Tribe have filed cross-motions for summary judgment. Presently before the court is the motion of some seventeen property owners, taxpayers, and/or voting citizens of the Village of Hobart who seek leave to file a brief as *amici curiae*. The proposed *amici* contend that they are interested parties who should be allowed to offer their perspectives, arguments and authorities bearing on the issues before the court.

      Not surprisingly, since they are supportive of its position, the Village supports the motion of the *amici* and agrees to an extension of the deadline for the Tribe to respond to its motion for summary judgment in the event the motion of the *amici* to file a brief is granted. The Tribe,

however, opposes the request of the *amici*, arguing that it is not timely, that it exceeds the page limit applicable under federal rules, and that it needlessly adds to the time and expense that both the Tribe and this court will ultimately expend resolving the case. The Tribe contends that the interests of the proposed *amici* are adequately represented by the Village and that the argument set forth in their brief essentially repeats the argument already presented by the Village in it's sixty-page brief.

Having considered the brief of the Village and that of the proposed *amici*, and considering the importance of the issues before the court to the proposed *amici*, as well as the parties, I conclude that the proposed motion of the *amici* should be granted. The time and page limits referred to by the Tribe govern appellate procedures. *See* Fed. R. App. P. 29(e). They are not applicable in this court. Moreover, the court is satisfied that the briefing schedule can be adjusted so as to insure that the Tribe has an adequate opportunity to respond to the arguments of the *amici* along with those of the Village. Granting the motion will not result in unreasonable delay. And while it is true that the Village and the *amici* are aligned in their positions, the perspective and arguments of the *amici* are sufficiently separate and distinct to warrant consideration of the their views. Having briefly reviewed the proposed brief of the *amici*, the court is satisfied that it will assist the court in resolving the important issues before it.

Accordingly, the motion for leave to file an *amicus curiae* brief is hereby granted. It is also ordered that the Tribe shall be granted an extension of time in which to file its brief in response and is further authorized to exceed the page limitations that would otherwise be applicable. Counsel for the Tribe shall contact counsel for the Village and attempt to reach agreement regarding a proposed deadline for the Tribe's brief and page limitation thereof. In the event the parties are

unable to reach an agreement, they shall submit a letter setting forth their respective positions on or before October 26, 2007.

**SO ORDERED** this ___15th___ day of October, 2007.

_s/ William C. Griesbach_<br>
William C. Griesbach<br>
United States District Judge